IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMELE R. BRUNER, | ) |
|    Petitioner, | ) ) ) |
| v. | )     Case No. CIV-24-184-SLP |
| STATE OF OKLAHOMA, | ) ) ) |
|    Respondent. | ) ) |

**O R D E R**

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his state court conviction in Case No. CF-2019-3005, District Court of Oklahoma County, State of Oklahoma. This matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Green entered a Report and Recommendation [Doc. No. 5] on April 5, 2024, in which she recommended dismissing the Petition as untimely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Judge Green further found that Petitioner is not entitled to statutory or equitable tolling of the limitations period, nor does the actual innocence exception apply.

Petitioner timely filed an Objection to the R. & R. *See* [Doc. No. 6]. The Court, therefore, must make a de novo determination of the portions of the R. & R. to which specific objections have been made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As set forth, Petitioner challenges only Judge Green's finding that he is not entitled to the actual

innocence exception. Review of all other issues addressed by Judge Green is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Judge Green correctly recited the standard for the actual innocence exception, which requires the Petitioner to make a "credible showing of actual innocence" to bypass AEDPA's time bar. R. & R. [Doc. No. 5] at 5 (quoting *Doe v. Jones*, 762 F.3d 1174, 1182). To satisfy this standard, Petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The [actual-innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup*, 513 U.S. at 316).

Upon de novo review, the Court agrees that Petitioner's allegations are conclusory, unsupported by evidence, and insufficient to invoke the actual innocence exception. The Petition vaguely alludes to "a prestigious collection of evidence," but does not elaborate on the substance of this evidence. Pet. [Doc. No. 1] at 5. The Objection suffers from the same deficiencies.[1] Petitioner claims to have "notorized documentation of evidence" but claims it "would prove far to cumbersome to physically attach to Petition." Obj. [Doc. No.

---

[1] The Objection also includes a multipage description of Petitioner's music career, but this discussion has no apparent legal relevance. [Doc. No. 6] at 7–9.

2

Case 5:24-cv-00184-SLP   Document 7   Filed 05/13/24   Page 3 of 4

6] at 4 (spelling in original).  Petitioner makes repeated references to "GTCA #21-456," *id.* at 4, 6, 8, but the Court is unable to locate any civil action that is relevant to the instant habeas action.  Petitioner's unsupported assertion that he "possess[es] notorized [sic] documents that provide crucial evidence" is not sufficient to support a finding of actual innocence because none of these documents have been presented to the Court.  *Id.* at 11.  Petitioner requests an evidentiary hearing but, for the reasons stated above, the Court finds a hearing to be unwarranted.  *See Fontenot v. Crow*, 4 F.4th 982, 1044 n.31 (10th Cir. 2021) ("In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." (quoting *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007))).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED, and the Petition [Doc. No. 1] is DISMISSED WITH PREJUDICE.  A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its

3

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination regarding the failure to exhaust state court remedies. The Court therefore denies a COA.

    IT IS SO ORDERED this 13th day of May, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE